IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| OSWALD ACEVES FLORES, | HONORABLE JEROME B. SIMANDLE |
| Petitioner, | Civil No. 09-2724 (JBS) |
| | Criminal No. 05-259-1 (JBS) |
| v. | |
| UNITED STATES OF AMERICA, | **OPINION** |
| Respondent. | |

APPEARANCES:

Mr. Oswald Aceves Flores
No. 41002-050
FCI-Fort Dix
Unit 5841
P.O. Box 2000
Fort Dix, New Jersey 08640-0902
    Petitioner pro se

Paul J. Fishman
United States Attorney
    By: Matthew J. Skahill
        Steven J. D'Aguanno
        Assistant U.S. Attorneys
Camden Federal Building and
United States Courthouse
P.O. Box 2098
Camden, New Jersey 08101
    Attorneys for Respondent

**SIMANDLE**, District Judge:

I.  **INTRODUCTION**

This matter comes before the Court upon Petitioner Oswald Aceves Flores's habeas corpus application under 28 U.S.C. § 2255. On June 14, 2005 Petitioner pleaded guilty to two drug-related crimes. On November 3, 2005, this Court sentenced the Petitioner to serve a term of imprisonment for 135 months, consisting of 75

months on Count One and 60 months on Count Two, to be served consecutively. Petitioner argues that drugs found in his bedroom were incorrectly taken into account during sentencing, that the sentences for the two counts should run concurrently rather than consecutively, and that his counsel was ineffective. For reasons discussed herein, the Petition will be denied.

## II. BACKGROUND

On June 14, 2005 Petitioner Oswald Aceves Flores, also known as Richard Lopez-Arias, pleaded guilty to two counts: (1) violating 21 U.S.C. §§ 841(a)(1) and 846, which prohibit possessing controlled substances with intent to distribute and conspiring to distribute controlled substances; and (2) violating 18 U.S.C. § 924(c)(1)(A), which prohibits carrying a firearm during and in relation to a drug trafficking crime. (Plea Hr'g Tr. 19:4-5, June 14, 2005, Resp't's Br. Ex. A.)

Mr. Flores admitted that on or about December 2, 2004 he and a co-conspirator met with an undercover agent and agreed to sell three kilograms of cocaine and eight pounds of marijuana. (Id. at 20:19-22:8.) Although Mr. Flores did not know firearms were present, he agreed that it was reasonably foreseeable that guns would be present at the transaction. (Id. at 22:13-25.) Mr. Flores gave consent for agents to search his home where, in his dresser, they found a brick of cocaine, bags of cocaine in a sweat sock, and large amounts of cash. (Sentencing Hr'g Tr.

8:17-9:20, Nov. 3, 2005, Resp't's Br. Ex. C.)

On November 3, 2005, the Court sentenced the Petitioner to 75 months for the first count and 60 months for the second count to run consecutively for a total of 135 months in prison. (Id. at 44:11-46:10) The first count carried a mandatory minimum sentence of 60 months, and the Court increased the sentence to 75 months after taking into account the drugs found in Petitioner's bedroom and the advisory guideline range of 70 to 87 months as well as other factors from 18 U.S.C. § 3553(a). (Id. at 16:3-17:2; 39:12-44:7.)  The Court found the storage of drugs in the Petitioner's bedroom as conduct collateral to the conviction under United States Sentencing Guidelines § 1B1.3(a)(2),[1] and alternately as foreseeable conduct committed by a co-conspirator under Pinkerton v. United States, 328 U.S. 640, 647 (1946) (holding that acts in furtherance of a conspiracy are attributable to all conspirators even if only one actually carried out the acts).  (Id. at 14:13-16:13.)  The Court signed the judgment of conviction on November 3, 2005. [United States v. Flores, Cr. No. 05-CR-259-JBS (hereinafter "Crim Docket") Item 29.]

---

[1] Subsection 1B1.3(a)(2) of the Sentencing Guidelines provides for the consideration of drugs not specified in the count of conviction if the drugs were part of the same course of conduct or part of a common scheme or plan as the count of conviction. USSG § 1B1.3, comment n.10; see also id. comment n.3 (illustrating application of subsection (a)(2) with example of multiple quantities of cocaine).

On November 9, 2005 Petitioner filed a notice of appeal with this Court without assistance of his attorney. [Crim Docket Item 30.] Petitioner's counsel filed a brief to the Third Circuit Court of Appeals pursuant to Anders v. California, 386 U.S. 738, 744 (1967), which allows counsel to request permission to withdraw if he or she feels the appeal is wholly frivolous. Anders Br., United States v. Lopez-Arias, No. 05-5001, 2006 WL 6221122 (3d Cir. May 13, 2006). In his Anders brief, Counsel argued that the only contestable issue was ineffective assistance of counsel and it would have been a conflict of interest for him to argue that he had been ineffective. Id. The Petitioner proceeded on appeal without a lawyer arguing, among others things, that the finding of the drug quantity was improper and that his counsel was ineffective. On January 14, 2008, the Third Circuit Court of Appeals granted counsel's motion to withdraw and affirmed the conviction and sentence, finding no error with the quantity of drugs used in sentencing and declining to consider the ineffective assistance of counsel claim on direct appeal. United States v. Lopez-Arias, 260 Fed. App'x 481, 483 (3d Cir. 2008). On February 13, 2008, the Third Circuit denied Petitioner's request for rehearing by the panel and the Court en banc. On June 16, 2008, the United States Supreme Court denied a petition for a writ of certiorari. Flores v. United States, 128 S. Ct. 2947, 2947 (2008).

On June 4, 2009 Mr. Flores filed the present petition under 28 U.S.C. § 2255 to vacate, set aside, and correct his sentence. [Civil Docket, No. 09-CV-2724, (hereinafter "Civ Docket") Item 1.] On July 7, 2009, in accordance with United States v. Miller, 197 F.3d 644, 652 (3d Cir. 1999), the Court notified Petitioner of the requirement that he must include all his claims for relief in his § 2255 motion, and gave him an opportunity to add new claims. [Civ Docket Item 2.] Because the Petitioner did not notify the Court of an amendment or withdrawal of his habeas application, the petition will be ruled upon as filed. On August 4, 2009, the United States Attorney filed a motion to dismiss Petitioner's § 2255 application. [Civ Docket Item 3.]

**II. DISCUSSION**

    **A. Standard**

28 U.S.C. § 2255(a) allows a prisoner held on a federal sentence to apply to have the sentence vacated, set aside, or corrected if, among other things, the sentence was imposed in violation of the Constitution or is otherwise subject to collateral attack, as in the case of an error of law that amounts to a "fundamental defect which inherently results in a miscarriage of justice." Brecht v. Abrahamson, 507 U.S. 619, 634 n.8 (1993) (quoting Hill v. United States, 368 U.S. 424, 428 (1962)). Generally, issues not raised on direct appeal may not be raised in collateral proceedings unless a petitioner can show

cause for default that justifies why the issue was not raised and actual prejudice that resulted.  United States v. Findlay, 456 U.S. 152, 167 (1982).  One of the ways a convicted defendant can show justifying cause is by demonstrating ineffective assistance of counsel.  United States v. Mannino, 212 F.3d 835, 840 (3d Cir. 2000).

A pleading filed without a lawyer is held to less stringent standards than more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  Such a petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney Gen., 872 F.2d 714, 721-22 (3d Cir. 1989).

### B. Analysis

The Court will first examine Petitioner's arguments with respect to the lawfulness of the sentence, and then whether his counsel was ineffective.  As will be explained below, the Court finds the sentence was imposed lawfully and that counsel was not ineffective under Sixth Amendment standards.

#### 1. Drug Quantity

The first issue raised by the Petitioner is whether the drug quantity was properly taken into account during sentencing. (Pet. 4.)  The Petitioner seems to argue that during sentencing the Court should only have taken into account the drugs that he

directly admitted to possessing in his plea allocution and that by using a preponderance of the evidence standard to take drugs found in his bedroom into account, the Court infringed on his Fifth and Sixth Amendment rights. (See id.)  In response, the government argues that law of the case doctrine bars this issue from being relitigated. (Resp't's Mot. to Dismiss 5.)  The Court will first assess whether the use of the preponderance of the evidence standard during sentencing is constitutional and second whether the Court's earlier decision regarding sentencing may be relitigated.

First, although the Petitioner frames his argument in terms of his constitutional rights, the Supreme Court recognizes that it is constitutional for district courts to use the preponderance of the evidence standard for sentencing. United States v. O'Brien, 130 S. Ct. 2169, 2174 (2010) (noting that it is constitutional to use a preponderance of the evidence standard as long as it does not increase the maximum sentence).  To ensure justice the Court of Appeals reviews the District Court's findings for clear error and assesses whether a resulting sentence is reasonable. United States v. Grier, 475 F.3d 556, 561-62 (3d Cir. 2007) (en banc).  However, the Petitioner's argument that the Court violated his constitutional rights is not supported by law.

Second, the Court's earlier decision may not be relitigated.

Because there is no constitutional error, the standard of review for Petitioner's claim is essentially the same regardless of whether the Court's review is governed by the doctrine of law of the case (as urged by Respondent) or by more general principles of habeas review.[2]  Law of the case is a prudential doctrine that acknowledges that once an issue is adjudicated, future courts should not re-litigate the issue unless an "extraordinary circumstance" exists.  In re City of Phila. Litig., 158 F.3d 711, 717-18 (3d Cir. 1998).  Such circumstances would exist if "(1) new evidence is available; (2) a supervening new law has been announced; or (3) the earlier decision was clearly erroneous and would create manifest injustice."  Id. (citing Public Interest Research Group of N.J., Inc. v. Magnesium Elektron, Inc., 123 F.3d 111, 117 (3d Cir. 1997)).

---

[2]  While the Third Circuit Court of Appeals has applied law of the case to a habeas petition in a non-precedential opinion, see United States v. Daniels, 209 Fed. App'x 191, 194-96 (3d Cir. 2006), there is some disagreement about whether law of the case doctrine should apply to habeas petitions.  See Rosales-Garcia v. Holland, 322 F.3d 386, 398 n.11 (6th Cir. 2003) (en banc) (stating in dictum that in accord with the First Circuit, the Sixth Circuit thinks law of the case is inapplicable to habeas, but also noting that the Seventh Circuit and the Eleventh Circuits apply the doctrine to habeas petitions).  Unless the petitioner claims jurisdictional or constitutional error, the scope of review for habeas is limited to whether the claimed error was "a fundamental defect which inherently results in a complete miscarriage of justice."  Hill v. United States, 368 U.S. 424, 428 (1962).  Thus, whether the operative language is "miscarriage of justice" language from Hill, or "manifest injustice" language from the law of the case doctrine, the inquiry will be the same.

On direct appeal in Petitioner's criminal case, the Third Circuit found no error in this Court's reasoning and decision to include the drugs found in the bedroom for sentencing purposes based on § 1B1.3 of the Sentencing Guidelines or alternately under Pinkerton as conduct committed by a co-conspirator. Lopez-Arias, 260 Fed. App'x at 483. In the Petitioner's § 2255 application, he has not presented new evidence.

He has raised an issue that could be considered a change in the law. In the Petitioner's response to the government's motion to dismiss, he argues that the holding from Melendez-Diaz v. Massachusetts, 129 S. Ct. 2527, 2532 (2009) regarding the confrontation clause of the Sixth Amendment is applicable. Melendez-Diaz held that just as laboratory personnel that acted as witnesses would be subject to cross-examination and other requirements of the confrontation clause, laboratory reports are also subject to the same opportunity for adversarial contest. 129 S. Ct. at 2532. Petitioner points out that the Court accepted Drug Enforcement Agency laboratory reports without subjecting them or the laboratory personnel to cross-examination. (Pet'r's Traverse 2-3.) However, Melendez-Diaz is not relevant because the Third Circuit, along with other Circuits, has held that the confrontation clause does not apply to sentencing hearings. United States v. McGlory, 968 F.2d 309, 347 (3d Cir.

1992); see also United States v. Wrynn, 214 Fed. App'x 118, 121 (3d Cir. 2007) (not precedential) (reaffirming McGlory and citing cases from other Circuits).  Further, Petitioner does not attempt to demonstrate that the Drug Enforcement Agency's analysis of drug quantity was erroneous.

Because there is no new law or evidence to consider, the Court understands Petitioner's argument to be that the inclusion of the additional drugs for sentencing and the affirmance of the Court of Appeals were clearly erroneous and created manifest injustice.  This argument fails.

The Court did not "cut corners" (Pet. 4) with the Petitioner's rights.  At trial the Court made sure the Petitioner understood he was giving up important constitutional rights by pleading guilty.  (See Plea Hr'g Tr. 10:18-13:8, June 14, 2005, Resp't's Br. Ex. A.)  Although the Petitioner seems to believe he was charged with a crime involving 500 grams of cocaine, (Pet., 4) he was actually charged with crimes involving "500 grams or more" pursuant to 21 U.S.C. § 841(b)(1)(B).  [Crim Docket Item 12.]  Petitioner was informed prior to his plea that the maximum sentence under the drug charge (Count I) was forty years.  (See Plea Hr'g Tr. 14: 3-6, June 14, 2005, Resp't's Br. Ex. A.)  The Petitioner pleaded guilty with this knowledge and as a result received a downward adjustment based on accepting responsibility. (Sentencing Hr'g Tr. 41:15-16, Nov. 3, 2005, Resp't's Br. Ex. C.)

The Pre-Sentence Investigation Report calculated that including the additional drugs found in the bedroom would increase the total offense level by two points.  (Sentencing Mem. 2, Pet'r's Br. Ex. A.)  After hearing argument from the Petitioner's counsel and the Assistant United States Attorney, the Court chose, over objections by the Petitioner's counsel, to take the additional drugs into account.  (Sentencing Hr'g Tr. 16:3-13, Nov. 3, 2005, Resp't's Br. Ex. C.)  The Court's determination was based upon all the relevant facts and circumstances found by the Court to be reliable, as outlined in the draft of final Presentence Investigation Reports, considered on grounds of logic and experience; there was no manifest injustice in doing so.  The reasonableness of this sentence was affirmed on direct appeal and Petitioner has not demonstrated manifest injustice, so this issue is foreclosed from further inquiry.[3]

---

[3] Even if the sentence were open to reassessment for any degree of injustice, the Court remains convinced that the sentence was just.  The Petitioner pleaded guilty to a crime with a statutory minimum sentence of five years and a statutory maximum sentence of forty years.  See 21 U.S.C. § 841(b)(1)(B).  A number of factors besides the quantity of drugs gave the Court the impression that the Petitioner deserved a sentence higher that the statutory minimum.  The sentencing decision was influenced by the Petitioner's deflection of responsibility and his dishonest attempt to portray his crimes as a one-time transaction. (Sentencing Hr'g Tr. 42:20-43:3, Nov. 3, 2005, Resp't's Br. Ex. C.)  The sentence also took into account many of the Petitioner's positive qualities, and while higher than the statutory minimum,

**2. Concurrent v. Consecutive Sentence under § 924(c)(1)**

The Petitioner also argues that his sentence resulting from the firearm conviction (Count II) (pursuant to 18 U.S.C. § 924(c)(1)(A)) should run concurrently rather than consecutively. (Pet. 4.)  Circuit Courts of Appeal have split over when 924(c)(1)(A) imposes a mandatory consecutive sentence.  This split is based on differing interpretations of the introductory clause of 924(c)(1)(A), the "except clause."  The relevant subsection reads in part:

> <u>Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law</u>, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime-
> (i)be sentenced to a term of imprisonment of not

---

on the whole it was on the lower end of the statutory range as well as the middle of the advisory range established by the Sentencing Guidelines, all as explained at the sentencing hearing.  (<u>Id.</u> at 39:9-44:5.)  The Petitioner's sentence is consistent with sentences received by others who have been convicted of  similar crimes but lacked a prior criminal conviction since the Sentencing Guidelines take the absence of criminal history into account in determining the advisory guideline range.

>      less than 5 years.

18 U.S.C. 924(c)(1)(A) (emphasis added).

The Second Circuit reads the phrase "any other provision of law" broadly to mean that if a defendant is subject to a higher minimum sentence for any other crime, then the mandatory consecutive sentences of the subsection do not apply. See United States v. Williams, 558 F.3d 166, 169-75 (2d Cir. 2009); United States v. Whitley, 529 F.3d 150, 158 (2d Cir. 2008). The Third Circuit on the other hand reads the clause in a more limited way to refer only to alternative minimum sentences for violations of 924(c) and related statutes that may be codified in other provisions in the future and concludes that the statute's mandatory consecutive sentences apply in a situation like this where there is a minimum sentence imposed for a drug conviction. See United States v. Abbot, 574 F.3d 203, 206-11 (3d Cir. 2009) cert. granted, 130 S. Ct. 1284 (Jan. 25, 2010). The Third Circuit bases its interpretation on legislative intent and further recognizes the illogical results that the Second Circuit's interpretation can produce. Id. at 209-10. Moreover, in the present case, a concurrent sentence on Count Two would impose no incremental punishment for the possession of a firearm in furtherance of the drug trafficking crime. In Abbot the Third Circuit directly addressed Petitioner's argument. Decisions of

13

the Third Circuit are controlling authority upon this Court, so Petitioner's argument for a concurrent sentence fails.

### 3. Ineffective Assistance of Counsel

The burden of proving a claim of ineffective assistance of counsel rests upon the petitioner. Gov't of Virgin Islands v. Nicholas, 759 F.2d 1073, 1081 (3d Cir. 1985). According to Strickland v. Washington, 466 U.S. 668 (1984), to succeed on an ineffective assistance of counsel claim, a defendant must satisfy a two-part test. The first part requires a defendant to show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. In order to meet this burden, the petitioner must show that the attorney's representation failed to meet an objective standard of reasonableness, and the scrutiny of the counsel's performance is highly deferential. Id. at 688-689. Furthermore, the attorney's conduct must be judged on the facts of the particular case at the time it took place. Id. at 690.

The second prong of the Strickland test requires the petitioner to show that he or she was actually prejudiced by counsel's deficient performance, which requires establishing a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. The Third Circuit has interpreted Strickland as

requiring the courts to decide first whether the allegedly deficient conduct has prejudiced the defendant. United States v. Fulford, 825 F.2d 3, 8 (3d Cir. 1987).

Petitioner's ineffective assistance of counsel claims rest on the failure of his counsel to assert defenses based on readings of the law that were not correct then or now. Consequently, his counsel neither fell below the standard in failing to raise these arguments, nor would they have made a difference if raised. At the sentencing hearing counsel argued that the additional drugs should not be taken into account. (Sentencing Hr'g Tr. 6:1-13:4, Nov. 3, 2005, Resp't's Br. Ex. C.) To the extent that the Petitioner is arguing that his counsel should have objected to the use of the preponderance of the evidence standard, the Petitioner is mistaken about the law. As discussed above, preponderance of evidence is still the proper standard for sentencing. O'Brien, 130 S. Ct. at 2174; Grier, 475 F.3d at 561. There is no basis for arguing that counsel was ineffective for not raising this argument.

Likewise, because the Petitioner's argument that Count II should run concurrently is not supported by the law in this Circuit, counsel did not err by declining to make this argument. Bousley v. United States, 523 U.S. 614, 622-23 (1998), held that on appeal counsel is expected to raise arguments for non-"novel" changes in the law. Petitioner reads Bousley to say that counsel

15

must be "prescient" about what direction the law will take. (Pet'r's Traverse 2.)  While the Court disagrees with this interpretation of counsel's duty,[4] with the benefit of hindsight even those among us without the gift of clairvoyance can see the law has not changed in Petitioner's favor, and thus even prescient counsel would not have raised this argument.  There is no reasonable probability that the Petitioner suffered prejudice, nor did defense counsel fail to perform at an objectively reasonable level.  Thus, Petitioner's claim for ineffective assistance of counsel must fail.

**III. CONCLUSION**

For the reasons expressed in this Opinion, the Court denies Petitioner's motion for § 2255 relief.  The accompanying Order is entered.

| | |
|---|---|
| **July 21, 2010** | **s/ Jerome B. Simandle** |
| Date | JEROME B. SIMANDLE |
| | United States District Judge |

---

[4] "[T]he level of diligence and understanding of the law required of a criminal defense lawyer, does not require that he be prescient, but it does require that he raise every issue that jurisprudential sources reasonably available might suggest as a matter of defense." United States v. Holland, 380 F. Supp. 2d 1264, 1273 (N.D. Ala. 2005).